**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HOLLY E. SENATORE**,<br><br>            Plaintiff,<br><br>            v.<br><br>**LORETTA E. LYNCH,**<br>**Attorney General of the United States**,<br><br>            Defendant. | Case No. 13-cv-00856 (CRC) |

**OPINION AND ORDER**

On June 7, 2013, Plaintiff Holly Senatore, a former FBI employee, brought suit against the Attorney General pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 700 et seq., claiming that the FBI discriminated against and harassed her based on disability and retaliated against her for engaging in protected activity. Senatore was deposed in connection with her suit on May 28, 2015. More than six weeks later—and 19 days past the 30-day deadline set by Federal Rule of Civil Procedure 30(e) for requesting corrections to a deposition transcript—Senatore submitted an errata containing some 57 edits to the transcript. Although some of these edits constitute minor clerical changes or typographical corrections, the vast majority insert statements that were never made or delete testimony that was given[1]—going so far as to include questions that were never asked[2] and to change several answers from "yes" to

---

[1] For instance, Senatore proposes replacing, "I couldn't be certain of that, so I don't want to guess," with, "The second day of my job I told Floyd with written documentation about my medical condition and I started having computer problems after that. This problem became worse as the reasonable accommodation process became more hostile." The reason given for this change? Only "[c]larification." Def.'s Mot. Strike Ex. F at 7.

[2] Not only does Senatore misleadingly alter a question that was actually posed to her at her deposition, see Def.'s Mot. Strike Ex. F at 5 (changing "Did you look into options . . . for

"no."[3]  Defendant Department of Justice has moved to strike the portions of Senatore's errata sheet that materially alter the testimony she provided at her deposition.

Rule 30(e) allows deponents to make "changes [to the transcript of their deposition] in form or substance" by "sign[ing] a statement listing the changes and the reasons for making them."  The rule's language is admittedly broad and appears to contemplate more than merely clerical or typographical edits.  Nevertheless, as Judge Boasberg of this Court recently noted, of the federal courts of appeals to have considered the issue, "the clear majority approves of granting motions to strike contradictory or material errata sheets[] unless supported by convincing explanations."  Jackson v. Teamsters Local Union 922, 310 F.R.D. 179, 183 (D.D.C. 2015) (surveying case law from the First, Second, Third, Sixth, Seventh, Ninth, and Tenth Circuits).  Courts "frequently str[ike] such revisions, often on the ground that the explanation [for the change] was insufficient."  Id. (citing cases).  And there is every reason to believe that the "[D.C.] Circuit would agree with essentially every circuit in holding that material revisions [to deposition testimony made through errata sheets] should not be accepted absent convincing explanations."  Id.

Senatore provides no such convincing explanations here.  Like the plaintiffs in Jackson, she instead "rel[ies], almost exclusively, on the following one-word explanations: 'clarification,'

---

medical transport vans?" to "[W]ere you aware the FBI was looking into options like medical transport vans?"); she also appears to create a question out of thin air, where, according to the government, the audio recording of the deposition "does not reveal any such [question] and [defense] counsel does not recall ever posing the question [Senatore] wants inserted," see id. at 5; Def.'s Mot. Strike 16.

[3] For example, Senatore was asked, "Did you know at that time that there was a formal process?"  She answered "Yes" at her deposition, but changed her response to "No," labeling this change a "correction" with no further elaboration.  Def.'s Mot. Strike Ex. F at 3.

2

[or] 'correction.'" Id. at 185.  Yet "[t]hese terse offerings do little but state the obvious; the Court presumes that Plaintiffs would not submit errata sheets but for some type of mistake or error.  What is missing is any thoughtful or clear articulation of the basis for what constitute significant alterations in sworn testimony."  Id.  "[A]ll of the circuits to consider the issue would uphold the striking of [such revisions] where the explanations are so scant."  Id.  So too will this Court.

Accordingly, the Court hereby **GRANTS** Defendant's [46] Motion to Strike and will allow only the following revisions, to which Defendant consents and which reflect clerical mistakes or errors in transcription:

| Page | Line | Reads | Should Read |
| --- | --- | --- | --- |
| 9 | 22-23 | Ms. White: I would note that's more than 8 hours ago. | Ms. White: I would note that's more than 8 hours ago.<br>Ms. Seabrook: Good choice. |
| 51 | 17 | I can't | I can't be certain about this -- what they specifically did offer. |
| 97 | 22 | top secret SDI clearance | SSBI clearance |
| 146 | 10 | trader | traitor |
| 148 | 16-18 | Genaldy Stewart | Gradalee Stewart |
| 148 | 17 | stacking | Staffing |
| 156 | 11-12 | rogue | rote |

All other revisions are hereby **STRICKEN**.  In addition, because the Court does not rely on the audio recording of Senatore's deposition in ruling on the government's motion, the Court hereby **DENIES** as moot Senatore's [48] motion to exclude the audio from the Court's consideration.

**SO ORDERED**.

                                                    CHRISTOPHER R. COOPER
                                                    United States District Judge

Date:   April 22, 2016